UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                    ) | |
| Plaintiff,           ) | Case No. 1:06-cr-45 |
|                                    ) | |
| v.                                 ) | Honorable David M. Lawson |
|                                    ) | |
| CHARLES B. MILLER,                 ) | |
|                                    ) | **REPORT AND RECOMMENDATION** |
| Defendant.           ) | |
| _____) | |

Defendant Charles B. Miller is serving a 24-month sentence imposed by District Judge David M. Lawson on October 16, 2006, after defendant entered a plea of guilty to conspiracy to commit bank fraud, identity theft, mail fraud, wire fraud, and false claims against the United States, 18 U.S.C. § 371, and access device fraud, 18 U.S.C. § 1029(a)(2). The charges arose from a longstanding scheme by Mr. Miller and other defendants to defraud Phoebe Carol Ann Shull, an elderly woman suffering from severe dementia. Among other things, Mr. Miller and his co-defendants used a fraudulent power of attorney to loot the victim's safe deposit boxes and used the victim's assets to pay their personal debts. The court's judgment imposed a joint and several restitution obligation in the amount of $146,938.73 in favor of the Estate of Phoebe Shull. The judgment provided that payment would be made in equal quarterly installments of $25.00 during the term of incarceration. (docket # 88, at p. 6).

On December 19, 2006, the United States applied for a writ of continuing garnishment directed to Fidelity Investments as garnishee. The Clerk of this Court issued the writ

(docket # 101) on December 20, 2006, and service was made on Fidelity Investments. Rather than filing an answer, as directed in the garnishment writ, the General Motors Benefits and Services Center sent the Clerk of the Court a letter dated January 24, 2007, advising that Mr. Miller is receiving benefits from the GM Hourly Pension Plan, a qualified pension plan maintained by his former employer, but contending that the writ of garnishment "does not apply" to the plan because of the provisions of ERISA. On February 12, 2007, Mr. Miller filed objections to the garnishment writ, raising numerous arguments against its enforcement. (docket # 104). After this court issued an order to show cause why judgment should not be entered against the garnishee, Fidelity Investments filed an answer to the garnishment writ, disclosing that Fidelity is the administrative record keeper for the GM Hourly Pension Plan, from which Mr. Miller receives a monthly benefit of $1,715.72. (Answer, ¶¶ 9-10, docket # 118). The answer further disclosed that the plan sponsor, General Motors, has directed payment to the Clerk of the Court of this monthly benefit, beginning June 1, 2007. (*Id.*, ¶ 11). Now that the garnishee defendant has filed an appropriate answer disclosing the nature of the garnished asset, Mr. Miller's objections are ready for decision.

By order of reference entered March 7, 2007 (docket # 107), Judge Lawson referred Mr. Miller's objections to me for the issuance of a report and recommendation. Upon review of the record, I find that defendant's objections are meritless and recommend that the garnishment writ be enforced.

### Discussion

The court entered an order of restitution pursuant to the Mandatory Victim's Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A-3664. The MVRA requires a defendant to

pay restitution to identifiable victims (or their estates) for physical injuries or pecuniary losses suffered as a result of criminal offenses. *See* 18 U.S.C. § 3663A(a)(1). The court must order restitution "in the full amount of each victim's losses as determined by the court and *without consideration of the economic circumstances of the defendant*." 18 U.S.C. § 3664(f)(1)(A) (emphasis added). 18 U.S.C. § 3613(a) empowers the federal government to enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."[1] The same statute provides that a judgment imposing a restitution obligation may be enforced "against all property or rights to property of the person" except for certain enumerated exempt property. Section 3613(c) creates a lien in favor of the United States on all property and rights of property of the person. Furthermore, 18 U.S.C. § 3664(m) allows the government or any victim named in the restitution order to enforce the judgment and to have it recorded in other state and federal courts.

Defendant advances four essential reasons why this court's judgment for restitution should not be enforced by writ of garnishment under the foregoing provisions of law: (a) defendant was misled into agreeing to the amount of restitution, because neither his attorney nor the court advised him that his pension would be subject to garnishment; (b) the government is limited to the collection of $25.00 per month during the period of defendant's incarceration, pursuant to page 6 of the Judgment, which is the government's exclusive remedy; (c) certain exemptions recognized by 18 U.S.C. § 3613, including exemptions for wearing apparel, school books, personal effects, and

---

[1] Although the text of section 3613 speaks of criminal fines, the last subsection, § 3613(f), provides that all provisions of the section are available to the United States for enforcement of an order of restitution.

3

tools of the trade should be recognized; and (d) defendant's pension is exempt from execution by the terms of ERISA and is necessary for the support of defendant and his wife.

**A.**

In his objections (docket # 104) and again in his reply (docket # 110), defendant claims that he was misled by both his counsel and the court. He asserts that his attorney told him that his only obligation during his term of incarceration would be to make nominal payments, and that after his release he would be granted a payment schedule based on his ability to pay. He asserts that he did not agree with the amount of restitution to be ordered by the court, but was advised by his attorney that the United States Attorney would not agree to a lower figure and that it was in his best interest to accept it. He asserts that neither counsel nor the court advised him that his pension would be subject to garnishment.

Defendant's present contentions are refuted by the record and, in any event, are legally insignificant. The amended plea agreement signed by defendant acknowledged that he would be required to "pay full restitution to the victim of the offenses" pursuant to federal law. (Amended Plea Agreement, docket # 70, at ¶ 4). The factual recitation of the amended plea agreement chronicles a course of conduct by the co-conspirators that resulted in "a financial loss of between $120,000.00 and $200,000.00" to the victim. (*Id.*, ¶ 5). The presentence investigation report recommended restitution in the amount of $200,000, a figure that was fully supported by the stipulations contained in the amended plea agreement. Defense counsel's sentencing memorandum (docket # 73) argued that the $200,000.00 figure was excessive and contained some items of double counting. Defense counsel acknowledged, however, that restitution of at least $95,000.00 was

owing, advising the court that defendant was attempting to reach agreement with the government before sentencing. By the time of sentencing, the parties had agreed to the amount of restitution, and judgment was entered accordingly. On this record, defendant cannot possibly mount a factual challenge to the amount of restitution ordered. Furthermore, any such challenge would be legally precluded. The judgment is now final, and the time to appeal has expired. A challenge to the merits of a restitution order is not cognizable in a motion to vacate under section 2255. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). In any event, defendant has not challenged the merits of the restitution order, either on direct appeal or by section 2255 motion. Raising objections to the validity of a criminal restitution judgment in response to a writ of garnishment is plainly an impermissible collateral attack on the judgment.

**B.**

Relying on the payment schedule set forth in the court's judgment (p. 6), defendant asserts that his sole obligation to pay restitution during the term of his incarceration is limited to $25.00 per month. Defendant's assumption concerning the exclusivity of the court-ordered payment schedule is in error. The MVRA requires the court to order the defendant to make restitution to all victims of the offense and requires restitution in the full amount of each victim's losses "without consideration of the economic circumstances of the defendant." 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A). The court's discretion is limited to establishing a payment schedule, after taking into account a number of factors, including a defendant's financial resources and other indicia of ability to pay. 18 U.S.C. § 3664(f)(2). The Second Circuit has commented, however, on the limited effect of the court-imposed repayment schedule, in light of the other provisions of the MVRA:

5

> The MVRA thus eliminates most of the discretion courts previously exercised. The court's discretion is now restricted to crafting the schedule of payments during the time the defendant is under sentence. The significance of that schedule is diminished, however, by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order, which "shall be a lien on the property of the defendant . . . in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State." 18 U.S.C. § 3664(m)(1)(B). *See also* §§ 3664(m)(1)(A) and 3613(c). Thus, under MVRA, the sentencing judge exercises discretion over only a relatively small facet of a restitution order.

*United States v. Walker*, 353 F.3d 130, 133 (2d Cir. 2003). Consequently, it is incorrect to argue that adherence to the court-imposed schedule of payments discharges a defendant's responsibility for restitution and prohibits collection efforts beyond the terms of the payment order.

*United States v. James*, 312 F. Supp. 2d 802 (E.D. Va. 2004), is directly on point. In that case, defendant attempted to resist garnishment of his retirement account on the ground that the government's collection efforts were contrary to the restitution order, which did not mention the retirement account and imposed a schedule of periodic payments, under which defendant was not in default. The court noted:

> While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of insuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment.

312 F. Supp. 2d at 804. After reviewing the relevant provisions of the MVRA, the court rejected defendant's efforts to block the garnishment. *Accord United States v. Hanhardt*, 353 F. Supp. 2d 957 (N.D. Ill. 2004).

In arguing against this result, defendant cites *United States v. Vandeberg*, 201 F.3d 805, 812 n.3 (6th Cir. 2000), and *United States v. Grimes*, 173 F.3d 634, 639 (7th Cir. 1999).

Defendant reads these cases as reflecting a Congressional intent to allow the government to reach only assets such as unexpected inheritances or lottery winnings. Neither case remotely stands for such a proposition. In *dictum*, these cases remark that in directing the court to disregard defendant's financial condition for restitution purposes, the MVRA has the effect of allowing the government to reach unforeseen assets, such as lottery winnings. Neither case holds or implies that the government may only attach assets that were unforeseen at the time of the sentencing.

In sum, the court's payment schedule during the period of defendant's incarceration does not preclude the government from garnishing defendant's pension funds or reaching other assets in satisfaction of the restitution order.

**C.**

Defendant has attached to his objections a "claim for exemption form" provided by the Clerk to all defendants in a garnishment action. On this form, defendant has checked the exemptions for "wearing apparel and school books," "fuel provisions, furniture and personal effects," and "books and tools of the trade, business, or profession." (docket #104, Ex. 4). Defendant's invocation of these exemptions, each of which is specifically allowed in 18 U.S.C. § 3613, is frivolous. A retirement pension obviously fits into none of these categories.

**D.**

The initial response of the garnishee defendant invoked the anti-alienation provisions of the Employee Retirement Income Security Act of 1974 (ERISA) as a defense to the garnishment. Although defendant does not specifically invoke ERISA, he does rely on the fact that the garnished asset is a pension benefit. Read with the required liberality, defendant's objection would be

7

sufficient to raise the anti-alienation provision of ERISA, if this were a valid defense to the garnishment.

It is clear, however, that the anti-alienation provisions of ERISA do not apply in proceedings to enforce a criminal fine or restitution obligation. Collection of criminal fines and restitution is specifically governed by 18 U.S.C. § 3613. That statute provides that a criminal monetary judgment may be enforced "against all property or rights to property of the person fined," except for property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. This listing of exemptions is exclusive. *See United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999). By the express terms of the statute, only property exempt from levy for taxes pursuant to the enumerated sections of section 6334 of the Internal Revenue Code is exempt in a criminal proceeding. The Sixth Circuit has squarely held that the anti-alienation provision found in section 206(d) of ERISA, 29 U.S.C. § 1056(d), does not shield a pension fund from levy for taxes under the Internal Revenue Code. *United States v. Sawaf*, 74 F.3d 119, 123-25 (6th Cir. 1996). Other courts have held that the anti-alienation provisions of ERISA do not protect pension benefits from garnishment in a criminal case. *See, e.g., United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006); *United States v. First Bank & Trust of E. Tex.*, No. 1:06-MC-14, ___ F. Supp. 2d ___, 2007 WL 549337, at *3 (E.D. Tex. Feb. 15, 2007); *United States v. Dixon*, No. 03-20121-CM, 2007 WL 163245, at *1 (D. Kan. Jan. 18, 2007); *United States v. Wahlen*, 459 F. Supp. 2d 800, 821 (E.D. Wis. 2006); *United States v. James*, 312 F. Supp. 2d 802 (E.D. Va. 2004); *United States v. Tyson*, 242 F. Supp. 2d 469, 474 (E.D. Mich. 2003). The Ninth Circuit has recently qualified this otherwise categorical rule. In *United States v. Novak*, 476 F.3d 1041 (9th Cir. 2007) (*en banc*), the court held that criminal restitution orders "can

be enforced by garnishing retirement funds, but with the funds only payable when the defendant has a current, unilateral right to receive payments under the terms of the retirement plan." 476 F.3d at 1043. The court held that a participant's interest in a retirement plan becomes "property" or a "right to property" within the meaning of 18 U.S.C. § 3613(a) only as the criminal defendant becomes entitled to benefit payments under the plan. The rule of the *Novak* case does not impede the government's attempt to reach defendant's interest in the GM retirement plan, however, because the government seeks only to garnish the monthly benefit payments as they fall due. This method of periodic garnishment is completely sustainable under *Novak*.

Under the foregoing authorities, it is clear that defendant is not entitled to any federal exemption preventing the garnishment of his monthly pension benefits. Defendant's equitable argument that the money is needed for his upkeep and that of his wife is legally insufficient. As noted above, restitution is payable without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). Defendant's assertion of his own rights and those of his wife against those of the victim is especially ironic under the facts of this case. Defendant's wife was a co-conspirator and entered a plea of guilty to three counts of the indictment. Her culpability was arguably even greater than Mr. Miller's, and her sentence was longer. Defendant's wife is jointly and severally liable for the full amount of restitution in this case. (*See* Judgment, docket # 87, p. 6). Recognition of an equitable interest of defendant's wife in his pension benefits would therefore be particularly inappropriate in this case.

Finally, defendant demands a hearing on his objections. Under the governing statute, 28 U.S.C. § 3202(d), a hearing is required only to determine the probable validity of a claim of exemption or the compliance by the government with any statutory requirement for the issuance of

9

a post-judgment remedy.[2]  Defendant has not raised any valid exemption, nor has he alleged any colorable failure to comply with a statutory requirement.  In these circumstances, no fact is in issue, and a hearing would be pointless.

### Recommended Disposition

For the foregoing reasons, I recommend that the objections of defendant Charles B. Miller to the government's continuing writ of garnishment (docket # 104) be overruled and that the garnishment writ be enforced.

Dated:  April 30, 2007                        /s/  Joseph G. Scoville
                                              United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] A hearing may also be required if the underlying judgment is by default, a circumstance not present in this case.