UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                        Case Number 06-45
v.                                     Honorable David M. Lawson

CHARLES MILLER,

                Defendant.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION, AND DIRECTING CLERK TO ISSUE WRIT OF GARNISHMENT

The matter is before the Court on the defendant's objections to the report filed by Magistrate Judge Joseph G. Scoville recommending that the defendant's objections to a writ of garnishment be overruled. The United States sought the writ to recover funds from monthly distributions of the defendant's pension plan in order to enforce the restitution order contained in the judgment of sentence. The defendant objected to the garnishment request claiming that it is prohibited by the anti-alienation provisions of the Employee Retirement and Income Security Act of 1974 (ERISA), the Court's prior order directing quarterly payments of  $25 which precludes a subsequent garnishment, the defendant's wife's interest in the pension benefits is superior to the government's and therefore preempts the garnishment, and the defendant was misled into agreeing to the restitution amount during his plea negotiations. The defendant filed objections to the writ of garnishment on February 12, 2007. On March 7, 2007, the Court referred the objections to Magistrate Judge Scoville for report and recommendation. On April 30, 2007, the magistrate judge

issued his report recommending that the writ be enforced because the defendant's objections have no merit.  On May 1, 2007, the defendant filed objections to the R&R.

After conducting a *de novo* review of the matter, the Court finds the defendant's objections to the garnishment and the magistrate judge's report lack merit.  Therefore, the Court will overrule the objections and order the clerk to issue the writ of garnishment allowing 25% of the defendant's pension benefits to be applied to his restitution obligation.

## I.

On February 23, 2006, defendant Charles Miller and three others were indicted on a variety of charges related to a scheme by which they obtained substantial sums of money by fraud from Phoebe Carol Ann Schull, an elderly woman who resided in an adult care facility.  The defendant was charged with conspiracy, bank fraud, credit union fraud, identity theft, aggravated identity theft, access device fraud, wire fraud, and mail fraud.

On June 30, 2006, the defendant pleaded guilty to counts one and ten of the indictment. Count one charged the defendant with conspiracy to commit bank fraud, identity theft, access device fraud, mail fraud, wire fraud, and false demands against the United States.  Count ten charged the defendant with access device fraud.  In the plea agreement, the defendant acknowledged that "pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), he will be required to pay full restitution to the victim of the offenses. . . . As a result of the conduct of Defendant, Jeanne Miller, Kenneth Goff, and Delores Goff, which included but was not limited to the described acts, Phoebe Carol Ann Shull suffered a financial loss of between $120,000 and $200,000." Amended Plea Agreement [dkt # 70].

On October 16, 2006, the Court sentenced the defendant to concurrent sentences of 24 months in custody to be followed by 2 years of supervised release on each count.  A judgment was

entered on October 25, 2006, which required the defendant to pay restitution of $146,938.73 jointly

with the co-defendants. The judgment also included a schedule of payments with the following

provisions:

> Having assessed the defendant's ability to pay, payment of the total criminal
> monetary penalties shall be due as follows:
> A       Lump sum payment of $200.00 due immediately. . .
> C       Payment in equal quarterly installments of $25.00 during the term of
>         incarceration, to commence 60 days after the date of this judgment.

Judgment at 6 [dkt # 88].

The defendant apparently receives a monthly benefit from the General Motors Hourly

Pension Plan of $1,715.72. Fidelity Investments is the plan administrator. On December 20, 2006,

the Clerk of the Western District issued a writ of continuing garnishment requiring Fidelity

Investments to respond with information about its indebtedness to defendant Charles Miller.

Fidelity Investments did not respond to the writ in a timely manner.

On February 12, 2007, the defendant filed objections to the writ of garnishment.  The

defendant states he is fifty-six years old and has cancer and heart problems.  He believed the

garnishment would leave him homeless once he was released and prevent him from supporting

himself and his wife.  The defendant also asserted that his pension fund is exempt from garnishment.

As noted, the Court referred the objections to Judge Scoville for a report and recommendation.

On April 11, 2007, the magistrate judge ordered Fidelity Investment to appear and explain

why it had not answered the writ.  On April 25, 2007, Fidelity answered the writ, reporting that it

had been directed by General Motors to send the defendant's pension payments to the Clerk in

compliance with the writ.  On April 30, 2007, the magistrate judge entered a report recommending

that the defendant's objection to the writ of garnishment be overruled.  The defendant timely objected.

Since that time, the Court has received several letters from the defendant, his wife, and his mother-in-law, as well as two motions.  On July 26, 2007, the defendant filed a motion for clarification, stating that he has not received any update on the objections he filed, but that his monthly pension payments have ceased.  He requests that the Court notify him of the status of his objections as soon as possible.

On September 11, 2007, the defendant filed a request (in what was docketed as an order) that the restitution order be amended to limit his restitution payments to $25 quarterly while he is incarcerated, or limit the percentage of funds subject to garnishment.  He argues that the actions of the United States Attorney exceed the scope of the Court's judgment, usurp this Court's authority, and are fundamentally unfair.

On August 5, 2008, the defendant's mother-in-law, Dolores Goff (a co-defendant), sent a letter to the Court informing the Court that the garnishee has been non-responsive to her inquiries, and that they have not received any payment since May 2007.  She states that her financial situation has grown dire attempting to pay the defendant's bills without the benefit of his pension.

After the magistrate judge entered his report, the plaintiff e-filed a proposed order that reads:

A Writ of Garnishment, directed to Garnishee, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer on April 25, 2007, stating that at the time of the service of the Writ it had in its possession or under its control a monthly benefit of $1,715.72 due the defendant from the General Motors Plan Trust.

On January 26, 2007, the defendant was notified of his right to a hearing. The defendant objected to the garnishment and on April 30, 2007, United States Magistrate Judge Joseph G. Scoville entered his Report and Recommendation "recommending that the objections of defendant Charles B. Miller to the

government's continuing writ of garnishment (docket #104) be overruled and that the garnishment writ be enforced."

IT IS ORDERED that Garnishee pay to plaintiff, Clerk, U.S. District Court, 399 Federal Building, 110 Michigan NW, Grand Rapids, MI 49503, 25% of the defendant's monthly benefit and continue said payments until the debt to the plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to the debtor or until further Order of this court.

Prop. Or. [dkt. #123]. A line for the clerk's signature is below. It appears that the Clerk has not entered the order. The defendant began his term of supervision on April 22, 2008, with a discharge date of August 21, 2010.

The magistrate judge rejected the defendant's objection that he was misled into agreeing to the amount of restitution during plea negotiations because of the plain language in the plea agreement. He also noted that restitution orders cannot be challenged through 28 U.S.C. § 2255. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Judge Scoville also rejected the defendant's claim that the judgment entered by the Court limits his obligation to pay restitution to $25 per quarter. He noted that the Mandatory Victim's Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664, required the Court to order full restitution and establish a payment schedule. But the Act does not prohibit collection efforts beyond the terms of the court's order.

The magistrate judge next rejected the defendant's claim that his pension was property exempt from execution 18 U.S.C. § 3613(a). The petitioner submitted a claim exemption form, but the magistrate judge found that the pension fit under none of the categories of exempt property identified by the defendant. Next, the magistrate judge concluded that Congress provided an exception to ERISA's anti-alienation provisions when it enacted the MVRA, and he rejected the defendant's objection on that ground. He also observed that the defendant's claim that the money is needed to support himself or his wife had no merit. Restitution is payable without consideration

of the economic circumstances of the defendant.  18 U.S.C. § 3664(f)(1)(A).  The magistrate judge pointed out that this claim is ironic in that the defendant and his wife committed the crimes together, with his wife being even more culpable than the defendant and receiving a longer prison sentence, and she is jointly and severally liable for the restitution amount.

Finally, the magistrate judge held that the defendant is not entitled to a hearing on his objections under 28 U.S.C. § 3202(d).  The defendant has not raised a valid exemption or alleged a failure to comply with statutory requirements.  The defendant's objections should be overruled, and the writ of garnishment should be enforced.

The defendant objected to the report and recommendation by stating first that his attorney never told him that his pension could be accessed to satisfy the judgment.  The defendant appears to concede that this is not the proper forum to assert an ineffective assistance claim, and he suggests that he intends to make such a claim through other litigation.

The defendant also believes his financial circumstances must be considered under 18 U.S.C. § 3664(f)(2), upon which he relied, he says, in entering the plea.  The defendant states the amended plea agreement does not permit the government to garnish his pension.

The defendant also reiterates that his pension is protected from garnishment by ERISA, citing *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365, 376 (1990).  He believes that the MVRA is not sufficiently clear to override ERISA's protections, and he insists that courts in other federal jurisdictions holding to the contrary are wrong.

Finally, the defendant cryptically claims his pension is income, not property, and is not subject to the garnishment for "non-federal restitution."  The defendant states the restitution ordered

by the Court is "non-federal," as evidenced by the government's characterization of the restitution in its response to his objections to the writ of garnishment.  Obj. at 12.

II.

Objections to a report and recommendation are reviewed *de novo*.  "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The parties' failure to file objections to the report and recommendation waives any further right to appeal.  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Of all the defendant's objections, the most pivotal one is that the government's attempt to seize his pension benefits is prohibited by ERISA.  When Congress enacted ERISA in 1974, it contained the following anti-alienation provision:

> (d) Assignment or alienation of plan benefits
> (1) Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

29 U.S.C. § 1056.  In *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365, 376 (1990), the Supreme Court held that section 1056 prohibits any attempts to attach pension benefits to satisfy a judgment, even where the beneficiary engaged in criminal activity.  The Court explained:

> ERISA erects a general bar to the garnishment of pension benefits from plans covered by the Act. . . .  We see no meaningful distinction between a writ of garnishment and the constructive trust remedy imposed in this case.  That remedy is therefore prohibited by § 206(d)(1). . . .  Section 206(d) reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless),

-7-

even if that decision prevents others from securing relief for the wrongs done them. If exceptions to this policy are to be made, it is for Congress to undertake that task.

*Guidry*, 493 U.S. at 371-72, 376.

Five years later, the Fourth Circuit, citing *Guidry*, held that ERISA barred access by the government to pension benefits to satisfy a restitution order in a criminal case. *United States v. Smith*, 47 F.3d 681, 684 (4th Cir. 1995).

Then in 1996, Congress passed the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664, which requires sentencing courts to order criminal defendants to pay restitution to their victims. The Court must order full restitution without consideration of the defendant's economic circumstances. The Court must then impose a payment schedule that does take account of the defendant's economic circumstances:

> (a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.
> . . .
> (d) An order of restitution under this section shall be issued and enforced in accordance with section 3664.

18 U.S.C. § 3663A.

> (f)(1)(A) In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.
> (B). . .
> (2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of–
>> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>> (B) projected earnings and other income of the defendant; and
>> (C) any financial obligations of the defendant, including obligations to dependents.

. . .
(m)(1)(A)(i) An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or (ii) by all other available and reasonable means.

18 U.S.C. § 3664(f), (m)(1)(A).  Subchapter B of chapter 229 includes 18 U.S.C. § 3613, which

contains the following provisions:

(a) Enforcement.--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced *against all property or rights to property of the person fined*, except that--
    (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
    (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
    (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.
. . .
(f) Applicability to order of restitution.--In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. § 3613(a), (f) (emphasis added).

Several courts have held that the foregoing provisions of the MVRA constitute a Congressional exception to ERISA's anti-alienation provision when it comes to the enforcement of a restitution order against a criminal defendant.  *See, e.g., United States v. James*, 312 F. Supp. 2d 802, 805 (E.D. Va. 2004) (observing that "the Supreme Court specifically admonished that '[i]f exceptions to this policy are to be made, it is for Congress to undertake that task.' [*Guidry*, 493 U.S. at 376.]  It appears that precisely this has occurred; Congress in passing the Mandatory Victim Restitution Act of 1996 ("MVRA") has created just such an exception"); *see also United States v. Novak*, 476 F.3d 1041, 1053-64 (9th Cir. 2007) (en banc); *United States v. First Bank & Trust East*

-9-

*Texas*, 477 F. Supp. 2d 777, 781 (E.D. Tex. 2007) (collecting cases); ; *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (considering criminal fine); *United States v. Wahlen*, 459 F. Supp. 2d 800, 822 (E.D. Wis. 2006); *United States v. Tyson*, 242 F. Supp. 3d 469, 474 (E.D. Mich. 2003).

This Court finds the reasoning of these decisions persuasive and quite sensible. After all, the anti-alienation provision found in ERISA was the product of congressional policy-making, and Congress is free to re-order its priorities to promote efforts to make victims of crimes whole. Congress plainly stated in 18 U.S.C. § 3613 that fines – and through section 3664(m)(1)(A) orders of restitution as well – "may be enforced against all property or rights to property" of the defendant, listing only three exceptions. None of the exceptions includes pension benefits regulated by ERISA. This Court joins the ranks of several other federal courts, *see United States v. Irving*, 452 F.3d at 126 (noting that "[d]istrict courts across the country have found 18 U.S.C. § 3613(a) permits courts to consider ERISA protected assets in determining appropriate fines and restitution"), holding that ERISA presents no bar against enforcing restitution orders in criminal judgments by garnishing the defendant's pension plan distributions.

Nor does the periodic payment provision in the judgment prohibit the garnishment. Other courts have made clear that the government may seek a writ of garnishment requiring payments on a schedule that exceeds that previously ordered by the Court. In a recent Fifth Circuit case, the court rejected a defendant's objection to a garnishment on grounds similar to those advanced by defendant Miller, reasoning:

> Ekong contends that there was no justification for requiring immediate payment because the criminal judgment specified that restitution be paid in installments. This argument is without merit. "The [Mandatory Victim Restitution Act (MVRA)] provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means" and, under 18 U.S.C. § 3613(a), it may collect "restitution 'in accordance with the practices and

> procedures for the enforcement of a civil judgment under Federal law or State law,' " including the Federal Debt Collection Procedures Act of 1990. *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002). The attorney general is required by the MVRA to enforce victim restitution orders "aggressively." *Id.* at 551. There is nothing in the criminal judgment to the contrary.

*United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam). A district court recently reached the same result, finding that the periodic payment provision in a criminal judgment cannot be immutable or insulate a defendant from other collection efforts. *United States v. Lawrence*, 538 F.Supp.2d 1188, 1193 (D. S.D. 2008). The court appropriately observed that it would be "wholly unrealistic to assume that a defendant's ability to make installment payments would not change during the 20-year limitations period for the collection of debts, especially when this period does not even begin to run until the defendant has completed the custody portion of his sentence." *Ibid.*; *see also James*, 312 F. Supp. 2d at 806-07 (noting that "the existence of this [payment] schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied"); *United States v. Hanhardt*, 353 F. Supp. 2d 957, 959-61 (N.D. Ill. 2004) (holding that a payment schedule does not pre-empt other collection efforts, and a claim by family members to pension benefits is not superior to the government's claim for restitution).

The Court agrees with these decisions as well. The MVRA permits the government to enforce a restitution order "by all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A), including "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The government is seeking to enforce the judgment through the Federal Debt Collection Procedure Act, which certainly is an "available and reasonable means" of enforcing a judgment. Nothing in the Court's judgment

prohibits this, and the statute specifically allows it.  The defendant's objection on this ground will be overruled.

Nor is the defendant entitled to an evidentiary hearing on his objections.  The Federal Debt Collection Procedure Act, 28 U.S.C. § 3201 *et seq.*, provides the procedure for the issuance of writs of garnishment to enforce judgments.  The Act requires the government to issue notices when it commences garnishment proceedings.  28 U.S.C. § 3202(b).  Upon receipt of such a notice, a debtor may request a hearing and move to quash enforcement of the writ.  *See* 28 U.S.C. § 3202(d).  Issues subject to a hearing include "the probable validity of any claim of exemption by the judgment debtor," and compliance [by the creditor] with any statutory requirement for the issuance of the post-judgment remedy granted."  *Ibid.*  Although the Act states that the court "shall hold a hearing" at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation.  *United States v. Greenberg*, No. 06-MC-55, 2006 WL 3791373, *1 (D. Vt. 2006); *see also United States v. Furkin*, 165 F.3d 33, 1998 WL 846873, at *3-4 (7th Cir. Nov. 24, 1998) (holding that defendant was not entitled to a hearing when he did not file a "valid claim of exemption"); *Lawrence*, 538 F. Supp. 2d at 1194 (holding that defendant was not entitled to a hearing when he claimed financial hardship or the equities of the case, as this was not an enumerated section in the statute).  Because the defendant's objections did not include any of the listed grounds, the magistrate judge did not err by not conducting a hearing on the objections.

There is another provision that states that if the judgment-debtor files an objection to the garnishee's answer within twenty days of receipt and requests a hearing, "[t]he court shall hold a

hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties." 28 U.S.C. § 3205(c)(5). That statute does not limit the purposes for such a hearing. *United States v. Crowther*, 473 F. Supp. 2d 729 (E.D. Tex. 2007). However, the defendant did not request a hearing in his objection to the garnishee's answer, so he is not entitled to a hearing under this section.

Next, the defendant's argument that his financial circumstances must be considered under 18 U.S.C. § 3664(f)(2) lacks merit as well. Under the MVRA, the Court is required to order full restitution without considering the defendant's financial situation. "[T]he financial resources and other assets of the defendant" become relevant only when the Court orders a payment schedule. 18 U.S.C. § 3664(f)(2)(A). But when the government seeks garnishment through the Federal Debt Collection Procedure Act, 28 U.S.C. § 3201 *et seq.*, as here, no payment schedule is called for. Of course, financial considerations are pertinent to determine the amount of the periodic payment that is subject to garnishment. If the Court enters the proposed order of garnishment, the United States may seize only twenty-five percent, the maximum permitted by statute. 15 U.S.C. § 1673(a); *see also United States v. Sloan*, 505 F.3d 685, 693 (7th Cir. 2007). The garnishment order in this case seeks no more than that, and it will be so limited.

Finally, the statements in the defendant's objections regarding "non-federal restitution" must be overruled because it is too vague for the Court to determine what he means. "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller,* 50 F.3d at 380. The defendant's objections cite no case or statute supporting the idea that the government may not garnish his pension because it is "non-federal restitution."

In a related matter, the defendant has filed a motion to amend the Court's judgment to clarify that the payment schedule is the exclusive means for enforcing the order of restitution.  He has not identified the basis for this request, and the Court finds none.  Federal Rule of Criminal Procedure 35(a) permits the Court to modify a judgment under certain circumstances.  However, "[t]he authority conferred by Rule 35(a) to a district court is extremely limited."  *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006).  "'[I]f [an error] did not constitute an obvious error or mistake that would have resulted in a remand by this Court [of Appeals],' it is outside of Rule 35(a)'s narrow purview."  *Ibid.* (quoting *United States v. Galvan-Perez*, 291 F.3d 401, 407 (6th Cir. 2002)).  Even more significantly, the Court lacks jurisdiction to consider such a request made more than seven days after entry of judgment.  Fed. R. Crim. P. 35(a); *United States v. Vicol*, 460 F.3d 693, 696 (6th Cir. 2006).  The defendant's motion comes over a year after the Court's judgment, so it is untimely.  As a result, the motion to amend or correct the restitution order must be denied.

III.

The defendant has not identified any meritorious objections to the application for writ of garnishment or the magistrate judge's report and recommendation.  He has not objected to the magistrate judge's conclusion that he was not entitled to a hearing, so he has waived any such claim.  Moreover, because the issues raised by the defendant's claims, even if true, would not grant him relief, he is not entitled to a hearing.

He has complained, however, that he has not been receiving *any* portion of his pension.  Although the garnishee's refusal to make payments to the Court is understandable, as the Clerk has not yet entered a writ of garnishment to it, nothing in the record indicates why the garnishee has withheld funds from the defendant.  If there are funds on deposit with the Clerk that exceed 25% of

the monthly payment amounts, that circumstance must be remedied by the Clerk immediately and the difference should be remitted to the defendant forthwith.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #119] is **ADOPTED**, the defendant's objections to the report and recommendation [dkt. #121] are **OVERRULED**, and the defendant's objections to the writ of garnishment [dkt. #104] and the garnishee's answer [dkt. #120] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to amend or correct the judgment and order of restitution [dkt. #127] is **DENIED**.

It is further **ORDERED** that the defendant's motion for disclosure of current proceedings [dkt. #116] be **DENIED as moot**.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter an order of garnishment requiring transmission of a portion of each of the defendant's pension checks to the Clerk, U.S. District Court, 399 Federal Building, 110 Michigan NW, Grand Rapids, MI 49503, to be applied to the defendant's restitution obligation in an amount not to exceed twenty-five percent (25%) of each periodic payment.  Payments by the garnishee defendant shall continue until the debt to the plaintiff is paid in full; or until the garnishee no longer has custody, possession, or control of any property belonging to the debtor; or until further order of this Court.

s/David M. Lawson_____<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   November 6, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2008.

s/Felicia M. Moses
FELICIA M. MOSES